IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-73,923-02






EX PARTE CHRISTINE YVONNE HAMILTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1015220-A IN THE 185TH JUDICIAL DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
engaging in organized criminal activity, and was sentenced to twenty-five years' imprisonment. She
did not appeal her conviction.

 Applicant contends, inter alia, that her trial counsel rendered ineffective assistance because 
counsel failed to research and familiarize herself with the applicable law, and allowed Applicant to
plead guilty to an indictment which applied incorrect law to determine the degree of the offense. 
Applicant was charged with engaging in organized criminal activity by committing the underlying
offense of money laundering. The indictment alleged that she knowingly and unlawfully received
the proceeds of criminal activity, and that the value of the funds from the proceeds of said activity
was at least twenty thousand dollars and less than one hundred thousand dollars. Applicant alleges
that at the time she allegedly committed the offense, the money laundering statutes did not include
personal checks in the definition of "funds," and did not allow for aggregation of funds from various
transactions to determine the degree of the money laundering offense. Applicant alleges that had she
been charged under the law applicable to the offense on the date it was committed, she could not
have been charged with receiving funds in the value of at least twenty thousand dollars. 

 Trial counsel has provided an affidavit in which she states that she informed Applicant that
there were some factors relevant to the indictment to which objection could be made, but that the
State would correct any defects in the indictment prior to trial, and that any objection would not
affect the punishment range of the offense. Counsel does not specify what the potentially
objectionable factors were, or how the State could have corrected the alleged defects to properly
charge the same degree of offense. Counsel also states that Applicant fails to recognize the effect
that the engaging in organized criminal activity charge had with respect to the punishment applicable
to the underlying offense. Counsel does not specify how the fact of the engaging in organized
criminal activity affected the value of the funds in the underlying money laundering charge.

 Applicant has alleged facts that, if true, might entitle her to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond more specifically to
Applicant's claim of ineffective assistance of counsel. Counsel shall specify what "factors"
regarding the indictment were potentially objectionable, and explain why she advised Applicant that
an objection would not affect the punishment range of the offense charged. Counsel shall also
explain her understanding of the effect that the engaging in organized criminal activity charge had
on the degree of the underlying money laundering offense. Counsel shall state what advice she gave
to Applicant with respect to the strength of the evidence relied upon by the State to support the
charges. The trial court shall also obtain an affidavit from the trial prosecutor, explaining in detail
how the offense level was determined in Applicant's case, and what evidence was relied upon in
making this determination. The trial court may use any means set out in Tex. Code Crim. Proc.
art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall supplement the record with a copy of the punishment hearing transcript. 
The trial court shall then make findings of fact as to how the degree of the offense was determined
in this case, and as to whether the determination of the offense level was based on amendments to
the money laundering statute that were not in effect at the time Applicant committed these offenses. 
The trial court shall make findings as to whether counsel was correct in advising Applicant that any
defects in the indictment could be corrected by the State and would not affect the punishment range
for the charged offense. The trial court shall make findings as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: September 29, 2010

Do not publish